**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMBER TRESHNELL<br><br>  Plaintiff,<br><br>  v.<br><br>TEN LIFESTYLE MANAGEMENT USA, INC., and TEN LIFESTYLE GROUP, PLC<br><br>  Defendants. | 20 CV 8790<br><br>**STIPULATION AND<br>PROTECTIVE ORDER** |

　　　　　IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, Amber Treshnell (hereinafter "Plaintiff"), and Defendants Ten Lifestyle Management USA, Inc. and Ten Lifestyle Group, PLC (together, "Defendants"), through their undersigned counsel, as follows:

　　　　　1.　　Counsel for any party may designate any document or information, in whole or in part, as "Confidential Matter" if counsel for such party (the "Designating Party") determines, in good faith, that such designation is necessary to protect the interests of the Designating Party in information that is proprietary, a trade secret, competitively sensitive information, private personal information, or otherwise sensitive non-public information.

　　　　　2.　　Counsel for any party may designate any document or information, in whole or in part, as "Highly Confidential Matter – Attorneys' Eyes Only" if counsel for the Designating Party determines, in good faith, that such designation is necessary to protect highly sensitive confidential information the disclosure of which could result in significant competitive or commercial disadvantage to the Designating Party.

　　　　　3.　　In the event a party challenges a Designating Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of

a resolution, the challenging party may seek resolution by the Court. The entering into this Stipulation of Confidentiality shall not constitute an acknowledgment by the parties that material designated as "Confidential Matter" or as "Highly Confidential Matter – Attorneys' Eyes Only" is in fact confidential and such designation shall have no precedential or evidentiary value including, without limitation, any determination regarding the admissibility of the document so designated. The parties are entering into this Stipulation of Confidentiality in order to facilitate discovery.

4. All designated matter shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

5. No designation shall be made unless counsel for the Designating Party believes in good faith that it is significant to the interest of his/her client or to the privacy interests of other individuals that the designated matter be kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

6. In the event either party receives information or material derived from a source other than from a party to this litigation and the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Matter" or "Highly Confidential Matter – Attorneys' Eyes Only," either party may petition the Court to have such information or material likewise designated as confidential.

7. No designation of "Confidential Matter" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. No designation of "Highly Confidential Matter – Attorneys' Eyes Only" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the

legibility thereof) a "HIGHLY CONFIDENTIAL" notice or the equivalent. Deposition testimony may be designated either by: (i) identifying the portion of testimony as confidential at the deposition; or (ii) written notice to the other party within fifteen (15) days of receipt of the deposition transcript. Any confidential designation which has been or is omitted prior to or subsequent to the entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

8. Documents designated "Confidential Matter" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) current employees of Defendants; (v) Plaintiff; (vi) third party deponents; (vii) consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and (viii) insurers of Defendants, provided, however, that disclosure of documents designated "Confidential Matter" to any such individual will be restricted to such "Confidential Matter" as the parties' counsel reasonably and in good faith believes needs be disclosed to the individual in order for counsel to properly prepare the case for trial.

9. Any information or material designated "Confidential Matter" shall be disclosed only to those persons designated in paragraph 8 (iv), (v), and (vi): (a) who shall have read this Stipulation of Confidentiality; and (b) who, prior to the receipt of any "Confidential Matter," shall agree to be bound by the terms hereof. Nothing herein shall prevent disclosure beyond the terms of this Stipulation of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

10. Counsel may not furnish "Highly Confidential Matter -- Attorneys' Eyes Only" material to any person or entity other than those included in paragraph 8 (i), (ii), and (iii), unless otherwise agreed in writing by and between counsel for both parties.

11. A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated confidential is not entitled to such status and protection. The party or other person that designated the document shall be given notice of the application and an opportunity to respond.

12. In the event that Plaintiff or Defendants wish to file any "Confidential Matter" or "Highly Confidential Matter – Attorneys' Eyes Only" with the Court prior to trial, the party seeking to file such matter with the Court shall do so pursuant to any Court-established directions or procedures or in the absence of such established directions or procedures take steps necessary to ensure that the matter is filed under seal and is maintained by the Court under seal until further order of the Court. To the extent that any matter cannot be filed with the Court under seal, the party seeking to file shall meet and confer with the other party in good faith regarding appropriate redactions at least seven (7) days prior to the anticipated filing.

13. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

14. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation of Confidentiality is intended to, or shall be construed to waive any objections by any party, including objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action. Moreover, nothing contained in this Stipulation of Confidentiality shall be construed as an admission by any party regarding the general admissibility

of materials designated as "Confidential Matter" or "Highly Confidential Matter – Attorneys' Eyes Only."

15. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making an application to the Court for revision of the terms of this Stipulation of Confidentiality.

16. All confidential matter and all copies thereof are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action.

17. Should any party to this Stipulation of Confidentiality become obligated to produce any designated material in response to a third party's service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service within five (5) days of its receipt.

18. Nothing contained in this Stipulation of Confidentiality shall restrict or impair a party's ability to use its own designated material.

19. The disclosure of a document or information without designating it shall not constitute a waiver of the right to designate such document or information as confidential after disclosure. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. No person or party will be deemed to have violated the terms of this Stipulation and Order for any disclosure that occurred prior to the designation of a document as "Confidential," but must take reasonable steps to inform the recipients of information later designated as "Confidential" of the belated designation and the accompanying restrictions imposed by this Stipulation and Order.

20. Pursuant to Federal Rule of Evidence 502, if, in connection with this litigation and despite a Designating Party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information or produces documents, communications, or electronically stored information ("ESI") or information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. The terms of this Stipulation of Confidentiality shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation of Confidentiality or unless and until the Stipulation of Confidentiality is terminated by mutual agreement of the parties.

SO STIPULATED AND AGREED:

Dated: New York, New York
~~February [ ]~~, 2021
March 11,

**ROONEY NIMMO P.C.**                                 **JOSEPH & KIRSCHENBAUM LLP**

By: _____                            By: _____
Wesley Mullen                                                      Michael DiGiulio
800 Third Avenue, 28th Floor                          32 Broadway, Suite 601
New York, NY 10022                                       New York, NY 10004

ATTORNEYS FOR DEFENDANTS                   ATTORNEYS FOR PLAINTIFF


It is SO ORDERED this
  12th day of  March  , 2021

_____
Judge Gabriel W. Gorenstein
 United States Magistrate Judge